## WEBSTER *vs.* MADDOX.

M. granted his farm in fee to B. and at the same time took back a conveyance to himself and his two minor sons. The former deed was registered ; the latter not ; and M. remained in possession as before. It was *held* that this possession was sufficient notice of the conveyance to M. without registry ; and that therefore a creditor of B. who extended his execution on the land, without other notice, took nothing by the extent.

This was a writ of entry, on the demandant's own seisin. In a case reported by the Chief Justice, before whom it was opened, it appeared, by the showing of the demandant, that the tenant, being seised of the demanded premises, conveyed the same to one *Bean* by his deed dated *Feb.* 22, 1822, and recorded *March* 8, 1823 ; and that the demandant caused the premises to be attached as the property of *Bean, March* 27, 1826 ; and subsequently, after judgment, caused them to be regularly set off to himself by extent.

It further appeared, by the showing of the tenant, that *Bean,* on the 3d day of *March* 1823, conveyed the same premises by deed to the tenant and his two sons *John* and *Jesse Maddox* ; on which day both the deeds were actually delivered ; but the deed from *Bean* to the tenant and his sons was not recorded till *April* 19, 1826, after the attachment. The tenant when he conveyed to *Bean,* was living on the premises, his two sons being minors, unmarried, and residing in his family. No change of possession or appearance took place till after all these events ; and no consideration in money passed between the parties to the deeds ; but they adopted this course for the conveyance of the father's property to his sons.

Upon proof being made of these facts, the parties submitted two questions to the decision of the court :—1st, whether the instantaneous seisin of *Bean* was sufficient to support the demandant's extent on the land as the estate of *Bean,* he being then, and long before, an insolvent debtor to the demandant :—And 2d ; whether there was such a possession under the deed from *Bean,* to the tenant and his sons, as in legal contemplation was equivalent to the reg-

Webster v. Maddox.

istry of the deed. And they agreed that judgment should be entered upon nonsuit or default according to such decision.

*Goodwin,* for the demandant, contended—1st, that the parol evidence of the intention and object of the parties to the deeds ought to be rejected and laid out of the question ; as the construction of the deeds is a matter independent of the parol agreement, and ought not to be affected by it, there being no ambiguity. *Tuckerman & al. v. Newhall,* 17 *Mass.* 581 ; *Flint v. Sheldon,* 13 *Mass.* 443 ; *Holbrook v. Finney,* 4 *Mass.* 566 ; *Wade v. Howard & al.* 6 *Pick.* 492 ; *King v. King,* 7. *Mass.* 496 ; *Kimball v. Morrell,* 4 *Greenl.* 368 ; *Emery v. Chase,* 5 *Greenl.* 232.

2. That the seisin of *Bean,* upon the facts reported, was not instantaneous, as it respects purchasers and his attaching creditors ; but was a continued legal seisin ; and that the two deeds, though executed and delivered at the same time, could not be considered as one act or conveyance, against such purchasers and attaching creditors, without notice, unless both deeds had been recorded. He is rather to be considered as a trustee in possession, his deed on record being the most unequivocal evidence of that fact ; and a bargain and sale by such person to a purchaser without notice, is held to pass the estate. 3 *Bl. Com.* 337 ; 3 *Mass.* 577. This case is distinguishable from *Holbrook v. Finney,* 4 *Mass.* 566 ; *Clark v. Monroe,* 14 *Mass.* 351 ; and *Chickering v. Lovejoy,* 13. *Mass.* 51. Two deeds, to be considered in law as one conveyance, must not only be executed and delivered, but must also be recorded at the same time. *Dudley v. Sumner,* 5 *Mass.* 538 ; *Erskine v. Townsend,* 2 *Mass.* 493 ; *Kelleran v. Brown,* 4 *Mass.* 443 ; *Porter v. Millet,* 9 *Mass.* 101 ; *Newhall v. Pierce,* 5 *Pick.* 450.

3. That the possession of *Maddox* and his two sons was not, in legal contemplation, equivalent to the registry of the deed to them. It is not for the demandant to prove that he had not notice of their deed ; but for the tenant to prove that he had ; and the law does not infer notice from facts which only make it probable that the tenant claims by deed. The facts should be such as make the inference of title necessary and unavoidable. *McMechan v. Griffin* 3 *Pick.* 149. Suspicion of notice, though strong, is not sufficient. 2 *Atk.* 275 ;

33

*Jolland v. Stainbridge,* 3 *Ves.* 478 ; *Norcross v. Widgery* 2. *Mass* 509. And if it were, yet from the time which had elapsed after the deed to *Maddox* and his two sons, without any registry of the same, a stranger might well presume that the deed was not *bona fide,* or that it had been cancelled, or that the estate had been reconveyed. *Farnsworth v. Childs,* 4 *Mass.* 637 ; *Priest v. Rice,* 1 *Pick.* 164. But the material fact under this point is, that *Maddox* and his sons did not enter into the premises under their deed ; nor did they, by force and virtue of that deed, take the visible occupation of the same. 3 *Mass.* 578; 2 *Bl. Com.* 314 ; *Marshall v. Fisk* 6 *Mass.* 24 ; *Davis v. Blunt, ib.* 487 ; *Prescott v. Heard,* 10 *Mass.* 60 ; *Commonwealth v. Dudley ib.* 403 ; *Brown v. Maine Bank,* 11 *Mass.* 153.

*E. Shepley,* for the tenant.

The opinion of the Court was delivered in *August* following, at an adjournment of the *May* term, in *Cumberland,* by

Mellen C. J. On the 22d of *February* 1822, the tenant was the undisputed owner of the premises ; and on that day made and executed a deed of the same to *Bean* ; but it was not delivered to *Bean* till *March* 3, 1823, and was recorded *March* 8, 1823. The deed from *Bean* to the tenant and his two sons was delivered at the same time when the deed to *Bean* was; but it was not registered till *April* 19, 1826. *Webster's* attachment was prior to this registry, viz. *March* 27, 1823, and the execution issued on the judgment was duly extended within thirty days after judgment, and seasonably recorded. *Bean,* it is admitted, had only an instantaneous seisin as between the parties ; but as his deed to the tenant and his sons was not on record, it is contended that as to the demandant, a creditor, the seisin continued till after the attachment. Is this true? *Bean* was never in possession of the premises ; but *Maddox* and his sons were ; at least, the tenant was, even if the sons were resident on the premises merely as a part of his family. Such was the state of the possession, when both deeds were delivered and took effect. Now, it is a well settled principle of law, requiring at this day the citation of no

authorities to support it, that the open and peaceal possession of real estate by the grantee under his deed, perfects and secures his title as effectually as the registry of his title deed. It is contended, however, that the tenant should have entered and taken possession under his deed; but this vain ceremony surely was not necessary to give notice to any one; for at the time the deed was delivered to him, he was already in possession. The tenant's title, then instantly became perfected; the title was gone from *Bean,* and vested in the tenant. On this principle the defence is maintained, and the action fails. In this view of the case it is not necessary to notice the arguments of counsel in relation to other points. A nonsuit must be entered pursuant to the agreement of the parties.